1

2

3

4

5

6

**United States District Court**
For the Northern District of California

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  CHARLES ROBERTS, an individual;          No. C 11-2586 CW
    and KENNETH MCKAY, an individual,
11  on behalf of themselves and              ORDER DENYING
    others similarly situated,               PLAINTIFFS' MOTION
12                                            FOR CERTIFICATION
                                             OF AN
13          Plaintiffs,                       INTERLOCUTORY
                                             APPEAL PURSUANT TO
14      v.                                    28 U.S.C.
                                             § 1292(b), Docket
15  C.R. ENGLAND, INC., a Utah               No. 46, MOTION FOR
    corporation; OPPORTUNITY LEASING,        ENTRY OF PARTIAL
16  INC., a Utah corporation; and            JUDGMENT PURSUANT
    HORIZON TRUCK SALES AND LEASING,         TO RULE 54(b),
17  LLC., a Utah Limited Liability           Docket No. 47, AND
    Corporation,                             MOTION TO STAY
18                                            PENDING RESOLUTION
            Defendants.                       OF WRIT PETITION
19  _____/       OR DIRECT APPEAL,
                                             Docket No. 52, AND
20                                            CONTINUING THE
                                             EXISTING STAY OF
21                                            THE COURT'S
                                             TRANSFER ORDER FOR
22                                            FOURTEEN DAYS

23

24      On January 25, 2012, the Court granted Defendants' motions to

25  dismiss Plaintiffs' claim under the California Franchise

26  Investment Law and to transfer venue for this putative class

27  action.  In an effort to seek appellate review of this order,

28

**United States District Court**
For the Northern District of California

1    Plaintiffs moved for certification of an interlocutory appeal,

2    pursuant to 28 U.S.C. § 1292(b), and moved for entry of partial

3    judgment under Federal Rule of Civil Procedure 54(b).  Docket

4    Nos. 46 and 47.  The Court stayed its order transferring the case

5    to the District of Utah, pending resolution of the motion for

6    certification and the motion for entry of partial judgment.

7    Having considered the parties' submissions, the Court denies both

8    motions.  The stay of the Court's order to transfer the action is

9    lifted, allowing, however, fourteen days for Plaintiffs to seek a

10   stay from the Ninth Circuit.

11

12                              DISCUSSION

13   I.    Certification Pursuant to 28 U.S.C. § 1292(b) and Partial
           Judgment Pursuant to Rule 54(b)
14

15        Pursuant to 28 U.S.C. § 1292(b), the district court may

16   certify an appeal of an interlocutory order if (1) the order

17   involves a controlling question of law, (2) appealing the order may

18   materially advance the ultimate termination of the litigation, and

19   (3) there is substantial ground for difference of opinion as to the

20   question of law.  See also, Reese v. BP Exploration (Alaska) Inc.,

21   643 F.3d 681, 687-88 (9th Cir. 2011) ("A non-final order may be

22   certified for interlocutory appeal where it 'involves a

23   controlling question of law as to which there is substantial

24   ground for a difference of opinion' and where 'an immediate appeal

25   from the order may materially advance the ultimate termination of

26   the litigation.'" (citing § 1292(b)).

27

28

**United States District Court**
For the Northern District of California

1       "Section 1292(b) is a departure from the normal rule that

2 only final judgments are appealable and therefore must be

3 construed narrowly." <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d

4 1064, 1068 n.6 (9th Cir. 2002).  Thus, the court should apply the

5 statute's requirements strictly, and should grant a motion for

6 certification only when exceptional circumstances warrant it.

7 <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978).  The party

8 seeking certification to appeal an interlocutory order has the

9 burden of establishing the existence of such exceptional

10 circumstances.  <u>Id.</u>  A court has substantial discretion in

11 deciding whether to grant a party's motion for certification.

12 <u>Brown v. Oneonta</u>, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), <u>rev'd in</u>

13 <u>part on other grounds</u>, 106 F.3d 1125 (2d. Cir. 1997).

14

15      None of the requirements for certification under § 1292(b) is

16 satisfied.  First, Plaintiffs have not established a controlling

17 issue of law.  "While Congress did not specifically define what it

18 meant by 'controlling,' the legislative history of 1292(b)

19 indicates that this section was to be used only in exceptional

20 situations in which allowing an interlocutory appeal would avoid

21

22 protracted and expensive litigation."  <u>In re Cement Antitrust</u>

23 <u>Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).  In <u>In re Cement</u>,

24 the Ninth Circuit declined to consider an interlocutory appeal of

25 a district judge's order of recusal because "review involves

26 nothing as fundamental as the determination of who are the

27

28

**United States District Court**
For the Northern District of California

necessary and proper parties, whether a court to which a cause has been transferred as jurisdiction, or whether state or local law should be applied."  Id.  Here, Plaintiffs contend that they seek to appeal a pure question of law.  However, the Court's dismissal of the CFIL claim resulted from Plaintiffs' failure to allege two of the three elements required for such a claim.  The Court found that Plaintiffs inadequately alleged that the purported franchisor granted them a right to offer or distribute services or goods to customers and that the operation of their business was substantially associated with the purported franchisor's trademark or other commercial symbols.  Although Plaintiffs characterize the order of dismissal as turning on a single legal issue, that characterization is incorrect.

The present lawsuit is unlike Helman v. Alcoa Global Fasteners, Inc., 2009 WL 2058541 (C.D. Cal.), aff'd, 637 F.3d 986, 990-92 (9th Cir. 2011), a case upon which Plaintiffs rely, in which the district court certified a dismissal order for interlocutory appeal and the Ninth Circuit accepted the appeal. In Helman, the district court and court of appeal were required to determine the statutory interpretation of the phrase "high seas" in the Death on the High Seas Act.  Id. at *1-2, 5.  The defendants argued that the DOSHA preempted the plaintiffs' state law claims, and the outcome of the decision affected, among other things, whether the case would be tried as a suit in admiralty, the identities of the proper plaintiffs, and what damages could be

4

**United States District Court**
For the Northern District of California

recovered.  Id. at *5.  As explained earlier, the viability of

Plaintiffs' CFIL claim presents a mixed question of law and fact

and does not affect Plaintiffs' access to federal court, but

rather impacts in which venue Plaintiffs will be able to litigate

their class action.  Plaintiffs have not demonstrated a

controlling question of law.

With respect to the second requirement for certification,

that the appeal materially advance the ultimate termination of the

litigation, the Ninth Circuit recently stated that neither

§ 1292(b)'s literal text nor controlling precedent requires that

the interlocutory appeal have a final, dispositive effect on the

litigation, only that it may "materially advance" the litigation.

Reese, 643 F.3d at 688.  In Reese the litigation was sufficiently

likely to be materially advanced because the resolution of the

legal issue could remove one defendant from the lawsuit and remove

a set of claims against the other defendants in the lawsuit.  Id.

The legal issue here will only determine whether one claim can

proceed, without affecting other claims, and without removing any

Defendants.

In L.H. Meeker v. Belridge Water Storage District, 2007 WL

781889, *5-6 (E.D. Cal.), a district court case upon which

Plaintiffs rely, the legal issue involved in the appeal was found

to be controlling and likely materially to advance the litigation

because the plaintiffs would be much more likely to prevail if

dismissal of the claim were reversed on appeal.  The remaining

**United States District Court**
For the Northern District of California

claims were more difficult to prove.  Even though case management

issues that are affected by an appeal can materially advance the

outcome of litigation, the appeal here will not have a similar

effect.  Plaintiffs have not demonstrated that a successful appeal

will improve their chances of success by preserving a claim that

is substantially easier to prove compared to the others.

Furthermore, as noted earlier, the appeal will not dispose of any

Defendants or a set of claims.  The appeal only affects where the

case is litigated and Plaintiffs' ability to pursue their CFIL

claim, which is based on the same facts as their other claims.

Plaintiffs have also failed to satisfy the third requirement

for certification under § 1292(b) by demonstrating that there exist

substantial grounds for a difference of opinion.  Plaintiffs

assert that this case presents an issue of first impression.  The

Ninth Circuit has held that "when novel legal issues are

presented, on which fair-minded jurists might reach contradictory

conclusions, a novel issue may be certified for interlocutory

appeal without first awaiting development of contradictory

precedent."  Reese, 643 F.3d at 688.  However, this action is not

a case of first impression.  The Court's order discussed factually

similar cases that involved truck drivers working on behalf of

delivery service companies and addressed the cognizability of CFIL

claims and claims under equivalent law.  The fact that the CFIL

does not expressly or implicitly address whether the law covers a

purported franchisee that sells its goods or services only to its

**United States District Court**
For the Northern District of California

1   purported franchisor does not give rise to substantial grounds for

2   a difference of opinion on this question.

3       The Court declines to certify the case for an interlocutory

4   appeal.

5       Plaintiffs also seek entry of a partial final judgment, as to

6   their CFIL claim only, based on Federal Rule of Civil Procedure

7
    54(b).  "Rule 54(b) provides that '[w]hen more than one claim for
8
    relief is presented in an action, . . . the court may direct entry
9
10  of final judgment as to one or more but fewer than all of the

11  claims . . . only upon an express determination that there is no

12  just reason for delay and upon an express direction for the entry

13
    of judgment.'"  Wood v. GCC Bend, LLC, 422 F.3d 873, 877 (9th Cir.
14
    2005) (alterations in original).
15
16      "A district court must first determine that it has rendered a

17  final judgment, that is, a judgment that is an ultimate

18  disposition of an individual claim entered in the course of a

19  multiple claims action."  Id. at 878.  This requirement is

20
    satisfied because the Court has dismissed Plaintiffs' CFIL claim
21
    without leave to amend.
22
23      Next the district court "must determine whether there is any

24  just reason for delay."  Id.  "[I]n deciding whether there are no

25  just reasons to delay the appeal of individual final

26  judgments . . . a district court must take into account judicial

27  administrative interests as well as the equities involved."

28

**United States District Court**
For the Northern District of California

1    Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

2    "Whether a final decision on a claim is ready for appeal is a

3    different inquiry from the equities involved, for consideration of

4    judicial administrative interests is necessary to assure that

5    application of the Rule effectively preserves the historic federal

6    policy against piecemeal appeals."   Id.

7        Plaintiffs rely foremost on Varsic v. United States District

8    Court for Central District of California, 607 F.2d 245 (9th Cir.

9
10   1979).   This case, however, addressed the propriety of a petition

11   for writ of mandamus and did not consider entry of partial

12   judgment pursuant to Rule 54(b).   Id. at 250-251 (considering

13   factors set forth in Bauman v. U.S. Dist. Court, 557 F.2d 650,

14   654-55 (9th Cir. 1977), not the test for Rule 54(b)).

15   Nevertheless, Plaintiffs argue that the interests weighed in

16   Varsic bear on the requirements for entry of partial judgment

17
18   under Rule 54.

19       Varsic found that the petitioner proceeding in forma pauperis

20   would face substantial hardship absent extraordinary relief from

21   the district court's transfer order.   The court reasoned that the

22   petitioner would have been forced to litigate his ERISA claims in

23   a far-away venue before having the opportunity to appeal the

24   order, and if he prevailed he would have to litigate a second

25   trial.   The delay would amount to a substantial hardship to a

26
27   person in his position, and such a result was contrary to the

28

United States District Court
For the Northern District of California

venue provision in the ERISA, which sought to prevent such

hardships.

Plaintiffs in this action also seek to preserve their venue

in California.  However, they are not similarly situated to

Varsic.  Plaintiffs seek to represent a nationwide class with

respect to claims that do not involve ERISA benefits.  Thus, a

second trial in this action would not impose similar burdens on

Plaintiffs in this case.

Apart from the equities, Plaintiffs must also show that entry

of partial judgment would foster efficient judicial

administration.  If partial judgment were entered, Plaintiffs

could pursue an appeal of the dismissal of the CFIL claim to the

Ninth Circuit.  Unless the Court granted a stay, the remainder of

the case would be transferred to the District of Utah and proceed

there.  Plaintiffs' claims under Utah's Business Opportunity

Disclosure Act and Indiana's Business Opportunity Transaction Law

likely overlap with their CFIL claim.  Whether the proceedings on

the other claims were stayed or pursued, they could require

duplicative appeals, resulting in wasted judicial resources.

Thus, entry of partial judgment under Rule 54(b), which is

disfavored, would not help streamline this case.  Even if the

remainder of the case were stayed pending the Ninth Circuit

appeal, the equities do not justify such a delay.  Plaintiffs'

primary interest in submitting the present motions appears to be

**United States District Court**
For the Northern District of California

1 preserve their preferred venue in California for this class

2 action.

3      Plaintiffs suggest that the Court must grant a certification

4 pursuant to § 1292(b) or enter partial judgment pursuant to Rule

5 54(b) to ensure that the Ninth Circuit is able to review this

6 Court's transfer order.  The cases Plaintiffs cite demonstrate

7 that they may petition for a writ of mandamus from the Ninth

8 Circuit even after the case has been transferred and docketed in

9 the new district.  Plaintiffs cite NBS Imaging Systems, Inc. v.

10 United States District Court, 841 F.2d 297, 298 (9th Cir. 1988),

11 for the proposition that the docketing of a transferred case in an

12 out-of-circuit transferee court terminates the jurisdiction of

13 both the transferor court and the corresponding appellate court to

14 consider an appeal.  However, in NBS Imaging, the court stated,

15 "We have long held that in extraordinary circumstances involving a

16 grave miscarriage of justice, we have power via mandamus to review

17 an order transferring a case to a district court in another

18 circuit."  Id.  See also, Mothershed v. Durbin, 161 F.3d 13 (9th

19 Cir. 1998) (unpublished memorandum) (citing NBS Imaging, and

20 stating, "The proper method of challenging the transfer order was

21 by way of mandamus").

22      NBS Imaging, after holding that the district court improperly

23 applied the ERISA's venue provision, considered factors to

24 determine whether the petitioner was entitled to mandamus.

25

26

27

28

**United States District Court**
For the Northern District of California

1  Contrary to Plaintiffs' argument, <u>Varsic</u> treated the district

2  court's denial of a motion to certify an interlocutory appeal as

3  an indication that the petitioner would suffer "peculiar hardship"

4  from the transfer order, such that extraordinary relief was

5  warranted.  The court did not otherwise imply that a district

6  court should grant, as a matter of course, motions for § 1292(b)

7  certification when the moving party claims a wrongful transfer.

8

9       Plaintiffs' motions for certification pursuant to § 1292(b)

10  and entry of partial judgment pursuant to Rule 54(b) are denied.

11  III. Stay of the Transfer Order

12       Previously, the Court granted Plaintiffs' request for a stay

13  of the transfer order pending resolution of their motions for

14  certification of an interlocutory appeal and entry of partial

15  judgment under Rule 54(b).  These motions have now been denied.

16

17  On February 24, 2012, Plaintiffs filed a request for a writ of

18  mandate in the Ninth Circuit and, on February 27, 2012, a request

19  in this Court to stay transfer of the case to Utah pending

20  adjudication of their writ petition or their direct appeal, if the

21  Court certified their interlocutory appeal.  Docket No. 52.  For

22  the reasons discussed in this order, the Court will not stay the

23  transfer pending adjudication of the writ petition or a direct

24  appeal, but will continue the existing stay for fourteen days from

25  the date of this order to allow Plaintiffs the opportunity to seek

26

27  a stay from the Ninth Circuit.

28

CONCLUSION

Plaintiffs' motions are denied.  Docket Nos. 46, 47 and 52.

IT IS SO ORDERED.


Dated: 3/5/2012

CLAUDIA WILKEN
United States District Judge