UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES ROBERTS, an individual, and KENNETH MCKAY, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. ENGLAND, INC., a Utah corporation; OPPORTUNITY LEASING, INC., a Utah corporation; and HORIZON TRUCK SALES AND LEASING, LLC, a Utah limited liability company,<br><br>Defendants. | **STIPULATED PROTECTIVE ORDER**<br><br><br><br><br><br>Civil No. 2:12-CV-00302 TS<br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based on the Stipulated Motion for Entry of Protective Order of Plaintiff and Defendants, and good cause appearing,

IT IS HEREBY STIPULATED AND ORDERED that:

1.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable law.

2.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

4. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c. make the information requested available for inspection by the Non-Party.

    d. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

5.      Any document, information, or thing may be designated Confidential if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,[2] information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

6.      If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.      Any document, information, or thing may be designated Confidential—Attorneys' Eyes Only if it is in good faith determined by the producing party to contain trade secrets, confidential competitive information, or any other commercially highly sensitive, or proprietary information that would warrant such treatment under applicable laws including marketing or other business plans, product or service information, customer information, financial information, and information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, or information revealed in an interrogatory answer.

---

[2]The term "document" shall be synonymous in meaning and equal in scope to the usage of that term, as well as the term "electronically stored information," in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

4

8. A producing party may designate any document or other tangible information or thing as Confidential or Confidential—Attorneys' Eyes Only by stamping some conspicuous place thereof with the legend CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, respectively. For example, in the case of a document, a producing party must mark every page of a multipage document. In the case of other tangible items, a producing party may so mark any appropriate location. For example, in the case of a computer disk, a producing party may so mark the disk cover.

9. A non-producing party may also designate any document, information, or thing produced during the course of this proceeding, not already designated Confidential or Confidential—Attorneys' Eyes Only, as Confidential or Confidential—Attorneys' Eyes Only as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated, within ten business days of the production of such document, information, or thing.

10. A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this proceeding as Confidential or Confidential—Attorneys' Eyes Only on the record during the deposition or by notifying all parties in writing of the specific item so designated, within ten business days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are Confidential or Confidential—Attorneys' Eyes Only.

    a. A deposition transcript and the exhibits thereto shall be presumed Confidential—Attorneys' Eyes Only in their entirety until ten business days after receipt

of the transcript by the producing party.  If, after the deposition is taken, the producing party designates any portion of the deposition transcript or exhibits as Confidential or Confidential—Attorneys' Eyes Only by giving written notice as described above, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript.  At the expiration of the ten day period, the transcript and exhibits shall automatically revert to its original status, except those portions that have been designated on the record or in writing as Confidential or Confidential—Attorneys' Eyes Only.

  b. A non-producing party may designate documents, information, or things disclosed at a deposition as Confidential or Confidential—Attorneys' Eyes Only in the same manner as a producing party.

11. Any Party or Non-Party may challenge a designation of Confidential or Confidential—Attorneys' Eyes Only at any time.  Should any party object to a designation of any information, documents, or things as Confidential or Confidential—Attorneys' Eyes Only, the parties and/or the producing party shall attempt to resolve such objection in good faith on an expedited and informal basis. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In

conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

12. If the Parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 28 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 28 days (or 21 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

13. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass

or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

14. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding and disclosure thereof shall be solely for the purpose of resolving disputes between the parties.

15. All documents, information, or things designated as Confidential shall be made available only to the following Qualified Persons:

   a. the parties to the proceeding, and the employees of the parties;

   b. counsel of record in this proceeding, the employees of such counsel, outside vendors employed by such counsel for depositions or for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this proceeding;

   c. the person producing such materials;

   d. the person who is the proprietor or source of such materials; and

   e. the Court and its personnel;

   f. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    g.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    h.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

16.    All documents, information, or things designated as Confidential—Attorneys' Eyes Only shall be made available only to the following Qualified Persons:

    a.    outside counsel of record in this action, the employees of such counsel, outside vendors employed by such counsel for depositions or for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this proceeding;

    b.    the person producing such materials;

    c.    the person who is the proprietor or source of such materials;

    d.    the Court;

    e.    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    f.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

 g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

17. Materials designated as Confidential or Confidential—Attorneys' Eyes Only shall not be made available to persons other than those enumerated in paragraphs 8 and 9 above, respectively unless otherwise ordered by the Court, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits; the Confidential and Confidential—Attorneys' Eyes Only information must be removed before the remaining materials may be made available to those other persons.

18. No information, documents, or things designated as Confidential or Confidential—Attorneys' Eyes Only shall be disclosed to testifying or non-testifying experts or consultants pursuant to the terms of paragraphs 8 and 9 above unless and until such experts or consultants have first been supplied with and have read a copy of this Order and have executed an Undertaking in the form annexed hereto.  Where the expert or consultant is expected to testify at the trial of this matter, counsel for the party obtaining the Undertaking shall retain the original of the Undertaking and forward a copy to the opposing party's counsel within five business days of its execution.  Where the expert or consultant will not testify at the trial of this matter, counsel obtaining the Undertaking shall retain the original, but no copy need be given to the opposing party's counsel.

19. No documents, information, or things designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed with the Court, including that contained in

pleadings, motions, briefs, declarations, or exhibits, except in sealed envelopes with the provision that versions redacted of such Confidential or Confidential—Attorneys' Eyes Only information and discussion thereof may be filed in the public record.  Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes.  Additionally, in the case of materials or information designated Confidential, such sealed envelopes shall prominently bear the legend:

> CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

or words to that effect.  In the case of materials or information designated Confidential—Attorneys' Eyes Only, the envelopes shall prominently bear the legend:

> CONTAINS CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

or words to that effect.  To the extent possible, only those portions of a filing with the Court that contain material designated as Confidential or Confidential—Attorneys' Eyes Only shall be filed under seal.  To the extent that no Confidential or Confidential—Attorneys' Eyes Only information is disclosed, the parties may refer to, and quote from, memoranda designated as Confidential or Confidential—Attorneys' Eyes Only in subsequent filings with the Court without the need to submit such subsequent filings under seal.

20. Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

   a. Showing materials designated as Confidential or Confidential—Attorneys' Eyes Only to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

      b.      Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files.

      c.      Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery or to which a party has a right of access independent of discovery.

      d.      Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the receiving party at the time of production.

21.      If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as Confidential or Confidential—Attorneys' Eyes Only not so designated by that party, counsel for that party shall within three business days give counsel for the designating party written notice of the fact of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

22.      Within sixty days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as Confidential and Confidential—Attorneys' Eyes Only shall be returned to the producing party or destroyed.  However, counsel for the parties may retain one complete set of pleadings, documents, and deposition testimony and exhibits of record in this action.  Counsel for the receiving party shall provide written verification of compliance with this paragraph to the producing party.  Materials designated as

Confidential or Confidential—Attorneys' Eyes Only that are in the custody of the Court are excepted from the terms of this paragraph.

23.     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

24.     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

25.     The terms of this Order shall remain in effect after the action and any related appeals are concluded.

DATED this 22 June 2012.

_____
Brooke C. Wells
United States Magistrate Judge

## UNDERTAKING

I, _____ (name), of _____

_____ (employer and business address), am about to receive information, documents, or things designated as Confidential and/or Confidential—Attorneys' Eyes Only under the Stipulated Protective Order dated _____, 2012, entered by the United States District Court for the District of Utah, Central Division, in *Roberts v. C.R. England, Inc.*, Case No. 2:12-CV-00302-TS ("Protective Order").

    I hereby represent and certify that I have been given a copy of and read said Protective Order, and that I understand the same. I hereby further certify that I am one of the persons allowed under paragraphs 8 or 9 of the Protective Order to receive access to information, documents, or things designated Confidential and/or Confidential—Attorneys' Eyes Only. I also agree to be bound by the terms of the Protective Order, specifically including the requirement that information, documents, and things I may receive that are designated as Confidential and/or Confidential—Attorneys' Eyes Only, as well as all copies, notes, summaries, and other records made regarding such information, documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraphs 8 or 9 of the Protective Order to have access to such information.

    I further understand that violation of the Protective Order may be punishable by the Court and/or constitute contempt of Court, and I consent and submit to the jurisdiction of the United States District Court for the District of Utah, Central Division, with respect to the enforcement of any of the terms of the Protective Order.

_____    _____
Date                                        Signature

1186407