IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Charles Roberts et al.,<br><br>                Plaintiffs,<br>v.<br><br>C.R. England, Inc., et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL<br><br>Case No. 2:12-cv-0302<br><br>District Judge Robert Shelby<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiffs' First Motion to Compel Documents.[1] The Court heard argument on Plaintiffs' motion on Friday July 19, 2013. Plaintiffs were represented by Joseph Goode, Mark Leitner, and Brennan Moss. Defendants were represented by James Jardine and David Dibble. Having heard argument and following further consideration of the parties' briefs and relevant case law the Court GRANTS in PART Plaintiffs' motion as set forth below.

## BACKGROUND

This is a putative class action involving Plaintiffs who allege that Defendants "fraudulently solicited and sold them a business opportunity to drive big rig trucks."[2] Defendants own and operate a trucking company, a company that leases trucks, and a school that provides instruction for students so they can obtain a commercial driver license (CDL). Plaintiffs allege violations of various state and federal laws. In short, Plaintiffs assert that Defendants misrepresented the income which was available to students who ended up leasing trucks from Defendants. Plaintiffs are seeking to certify this matter as a class action and

---

[1] Docket no. 121. The Court notes that docket no. 121 contains the redacted public version of Plaintiffs' sealed motion.

[2] Mtn. p. 4.

currently this case is at the precertification stage. The matter of certification will be before Judge Shelby at a future date.

In their instant motion Plaintiffs seek the following:

(i) Either answer Interrogatories Nos. 4-24 of Roberts' Interrogatories to England (Set One) and Interrogatories Nos. 22-23 of McKay's Interrogatories to England (Set Two) or, alternatively, to aggregate and produce in an electronic and searchable format the settlement statement data sought for the 14,708 drivers who signed Vehicle Lease Agreements and Independent Contractor Operator Agreements since January 1, 2008 to the present;

(ii) Produce the expense related documents requested in Document Request Nos. 9-14, 16, 19, and 24-26 of Roberts' Request for Production (Set One) and Document Request Nos. 10(aa), 10(bb), and 10(cc) of Plaintiffs Second Set of Requests for Documents;

(iii) Provide the last known address, phone number, and full name of each individual identified in their December 19, 2012 amended responses to Interrogatory No. 1 of McKay's Interrogatories to England (Set One), Interrogatories Nos. 15-19 of McKay's Interrogatories to England (Set Two), Interrogatory No. 1 to Roberts' Interrogatories to England (Set One), and Interrogatories Nos. 1 and 18 of Roberts' Interrogatories to Opportunity (Set One); and

(iv) Pay the reasonable expenses incurred in bringing this motion to compel (including attorneys' fees) as provided in Fed. R. Civ. P. 37(a)(5)(A).[3]

At the outset after having considered Plaintiffs' motion and discovery requests, the Court finds Defendants nondisclosure was substantially justified in this instance given the circumstances and current procedural posture of the case. Therefore the Court DENIES Plaintiffs' request for the reasonable expenses incurred in bringing this motion.

## DISCUSSION

The Court finds the reasoning in *Tracy v. Dean Witter Reynolds*,[4] a case out of the District of Colorado, persuasive and applies the principles from that case to the instant matter. In

---

[3] Mtn p. 2.

*Tracy* various non-exempt employees brought suit claiming their employer failed to pay them overtime compensation in violation of the Fair Labor Standards Act (FLSA). The plaintiffs in *Tracy* sought extended discovery on several occasions. Each time, however, they were denied because they failed to submit sufficient evidence to "satisfy [the court] that Dean Witter had a national policy or practice which violated the FLSA."[5] Similar to the instant matter, the plaintiffs in *Tracy* sought this discovery during the precertification stage. And, just as in this case, the plaintiffs in *Tracy* alleged they needed the discovery to satisfy the requirements associated with numerosity, commonality, typicality, and adequacy of representation.[6]

Some discovery is necessary prior to a determination of class certification.[7] This includes the necessity of discovery concerning damages,[8] which must be rigorously analyzed during the certification process.[9] The need for precertification discovery does have limits however and it is within the discretion of the court to prevent discovery from being used as a weapon or as a fishing expedition creating undue burden for the defendant.[10] Thus, it is the undersigned's responsibility to balance the need for discovery with the need to protect the rights of all parties.[11]

---

[4] 185 F.R.D. 303.

[5] *Id.* at 304.

[6] *See* Fed.R.Civ.P. 23(a).

[7] *See Tracy*, 185 F.R.D. at 304-05; *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276 (D.Conn.1980); *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405-06 (1977).

[8] *See Comcast Corp. et al. v. Behrend et al.*, 133 S.Ct. 1426, 1433 (2013).

[9] *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-2552 (2011).

[10] *See Tracy*, 185 F.R.D. at 305; *National Organization for Women*, 88 F.R.D. at 277; *Chateau de Ville Produciton, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2nd Cir.1978).

[11] *See id.*

Generally, there must be some factual basis for plaintiffs' claims of classwide discrimination before classwide discovery is allowed.[12] Further, the plaintiffs bear the burden of "advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations."[13] With these principles in mind the Court turns to the instant matter.

During oral argument Defendants broke down Plaintiffs' discovery requests into four broad categories: 1) requests for production regarding Defendants' calculations of expense charges to independent contractors;[14] 2) interrogatories and requests for production regarding the settlement statement data;[15] 3) requests for production concerning financial statements and related accounting;[16] and 4) interrogatories seeking contact information for the names of individuals involved in this case.[17] The Court finds this approach logical and will address each of these categories.

1) Requests for production regarding Defendants' calculations of expense charges to independent contractors.

In general this category of requests seeks information concerning expenses. For example Plaintiff Roberts request for production (RFP) 9 seeks "Documents concerning the determination of the weekly truck lease fees charged the putative class and any formulas related thereto." Defendants assert that these requests are not connected to any allegation in the Complaint

---

[12] *See Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D.Minn.1991).

[13] *Mantollete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

[14] This category of requests include Plaintiff Roberts request for production (RFP) 9, 10, 11, 13, 26 and Plaintiffs second set of RFPs 10(aa), 10(bb), and 10(cc).

[15] This category includes Plaintiff Roberts 1st set of interrogatories to Defendant England numbers 4-24, Plaintiff McKay's 2nd set of interrogatories to England 22 and 23, and Roberts RFP 19.

[16] These include Plaintiff Roberts 1st RFP numbers 12, 14, 16, 24, and 25.

[17] This category of requests includes Plaintiff McKay's first set of interrogatories to Defendant England number 1 and McKay's second set of interrogatories to England numbers 15-19 and Roberts first set of interrogatories to Opportunity 18.

because Plaintiffs fail to assert that Defendants have misrepresented the information in these categories of documents. The Court is not persuaded by this argument.

As noted by Plaintiffs during oral argument paragraphs 50(c), 123, and 124 of the Third Amended Complaint (TAC) allege false, misleading or incomplete representations concerning expenses. For example paragraph 50(c) provides:

> Made false and/or misleading and/ or incomplete representations and assumptions about the amount of income and expenses. The pro formas made unrealistic projections about the number of weekly miles that could be driven. They did not include all of the expenses a Driving Opportunity purchaser would incur in connection with the Driving Opportunity thereby leading to a false and/or misleading "bottom line" representation in the weekly and annual income sections of the pro forma.[18]

And paragraph 123 of the TAC provides in relevant part:

> Defendants HORIZON and OPPORTUNITY participated in the conduct of the ENGLAND Truck Leasing Enterprise by inducing or otherwise assisting the purchase of the Driving Opportunity by Plaintiffs, and thousands of other Drivers; by providing financing or otherwise assisting in providing financing for Plaintiffs and thousands of other Drivers to lease trucks; and by knowingly misrepresenting and omitting material facts about: (i) the costs of operating as an independent contractor; (ii) the net revenues and profit margins that purchasers of the Driving Opportunity could expect to receive; (iii) by entering into the Lease Agreements, the terms of which made it virtually impossible for Plaintiffs and those similarly situated to earn any net revenues at all, let alone enough to make the amounts represented by HORIZON and OPPORTUNITY in order to induce the purchase of the Driving Opportunity

Based on these sections of the Complaint, the Court finds this category of requests is connected to Plaintiffs' claims and pleadings. Therefore, Defendants are ORDERED to provide answers to these discovery requests.

2) Interrogatories and requests for production regarding the settlement statement data.

During oral argument Defendants argued that these requests were insufficiently detailed because they mix solo and team drivers as well as drivers who focus on shorter regional trips and

---

[18] Third Amended Complaint ¶50(c), p. 20.

those that focus on longer national trips. Further, the questions dealing with averages cannot be calculated according to Defendants because they involve drivers still working for them. The Court is persuaded by these arguments. Therefore, Plaintiffs request to compel this category of interrogatories is DENIED. Plaintiffs may rewrite these interrogatories in a manner that specifically identifies which categories of drivers they are seeking information about.

Finally, this category also includes a RFP for "Documents reflecting the total amount of legal fees charged by you to the putative class." In the Court's view this RFP is related to expense information and does not suffer from the same fatal flaw as the other requests in this category. As such, Defendants are ORDERED to provide a response to this RFP.

3) Requests for production concerning financial statements and related accounting.

Plaintiffs assert this category of requests is needed to show a profit motive and it relates to a possible disgorgement damages claim, which arises under the RICO claims or the Utah Consumer Sales Practices claims. In response Defendants argue that these requests are not relevant because they are speculative and disgorgement is rare. Defendants also argue Plaintiffs do not need this information at the precertification stage.

The Court is not persuaded by Defendants position. Discovery in this case was not bifurcated and as such, Plaintiffs may request discovery regarding damages at the precertification stage. Further, as explained by the Supreme Court recently in *Comcast Corp., et al v. Behrend et al.*[19] at the class-certification stage a "'plaintiff's damages case must be consistent with its liability case, . . . .'"[20] Thus, there is a necessity of obtaining at least some discovery relating to

---

[19] 133 S.Ct. 1426.

[20] *Id.* at 1433 (quoting ABA Section of Antitrust Law, Proving Antitrust Damages: Legal and Economic Issues 57, 62 (2d ed. 2010); *see, e.g., Image Tech. Servs. v. Eastman Kodak Co.*, 125 F.3d 1195, 1224 (C.A.9 1997).

damages at the precertification stage. Defendants are therefore ORDERED to provide responses to this category of requests.

4) Interrogatories seeking contact information for the names of individuals involved in this case.

During argument the parties noted that the first interrogatory in this group of requests, Plaintiff McKay's First set of interrogatories to England 1, is moot because the parties resolved this request. The remaining requests concern contact information for current and former employees that worked in specific positions for Defendants. The Court is persuaded that this information is relevant, or may lead to the discovery of relevant information. However, the Court finds requiring contact information for "<u>all current and former employees</u>" is too large of a burden for Defendants. Therefore in similar fashion to the parties' previous compromise, the Court ORDERS Defendants to provide a representative sample of the contact information for the current and former employees that are the subject of these requests consisting of 8% of the total.

ORDER

For the reasons set forth above the Court GRANTS IN PART Plaintiffs' First Motion to Compel.

IT IS FURTHER ORDERED that Defendants are to provide the ordered discovery to Plaintiffs within thirty (30) days from the date of this order.

DATED this 26 July 2013.

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge