IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Charles Roberts et al., <br><br> Plaintiffs, <br> v. <br><br> C.R. England, Inc., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT <br><br> Case No. 2:12-cv-0302 <br><br> District Judge Robert Shelby <br><br> Magistrate Judge Brooke Wells |

Before the Court is Plaintiffs' Motion for Leave to File Fourth Amended Complaint.[1] After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides the motion based upon the record before it.[2] As set forth below the Court DENIES Plaintiffs' motion to amend.

## BACKGROUND

This is a putative class action involving Plaintiffs who allege that Defendants fraudulently solicited and sold them a business opportunity to drive large trucks. Defendants own and operate a trucking company, a company that leases trucks, and a school that provides instruction for students so they can obtain a commercial driver license (CDL). Plaintiffs allege violations of various state and federal laws. In short, Plaintiffs assert that Defendants misrepresented the income which was available to students who ended up leasing trucks from Defendants. Plaintiffs are seeking to certify this matter as a class action and currently this case is

---

[1] Docket no. 150.

[2] DUCivR 7-1(f).

at the precertification stage. The matter of certification will be before Judge Shelby at a future date.

In the instant motion Plaintiffs primarily seek to add an additional class representative, Carlos E. Cavezas, to serve with current Plaintiffs Charles Roberts and Kenneth McKay.[3] Plaintiffs seek to file a Fourth Amended Complaint, or their fifth Complaint overall. Plaintiffs first filed their Complaint in May 2011 in the Northern District of California. Plaintiffs' claim pertaining to the California Franchise Investment Law was eventually dismissed by the California court and the case was then transferred to this district.

Plaintiffs' Third Amended Complaint asserts claims based on both California and Utah law as well as an allegation that Defendants have violated the Indiana Business Opportunity Transactions Law. Current Plaintiffs Roberts and McKay attended an England truck driving school in California and signed their lease and independent contractor agreements in Utah. Mr. Cavezas, who the Plaintiffs seek to add to this action, alleges that he attended an England truck driving school and signed his contracts in Indiana. Plaintiffs assert that they could not have brought this motion earlier because they learned about Cavezas in March 2013 following the production of discovery provided to them by Defendants. Defendants initially resisted producing the identities of putative class members arguing it was inappropriate precertification discovery. In response, Plaintiffs asserted the discovery was "necessary to allow [them] to establish numerosity and to test commonality and typicality."[4] Defendants eventually produced the discovery and it was from this production that Mr. Cavezas was identified.

DISCUSSION

---

[3] Mtn. p. 2.

[4] Letter from J. Goode to J. Jardine, August 24, 2012, p. 13 (attached as ex. B to Defs' op.)

Rule 15(a)(2) provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[5] As noted by the Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require be 'freely given.'[6]

The most recent scheduling order entered on August 14, 2013, left the prior deadline to amend pleadings and the deadline to add parties as August 1, 2012. Plaintiffs filed the instant motion seeking to amend their Complaint and add an additional party on June 18, 2013, more than ten months past the deadline. Therefore, Plaintiffs motion also implicates Rule 16(b) and the good cause standard set forth therein necessary to modify a schedule.[7] The Tenth Circuit has not yet decided "whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements."[8] Although there is a "rough similarity" between the undue delay standard of Rule 15 and the good cause standard of Rule 16,[9] they are distinct provisions under the Federal Rules and thus the Court finds the more reasoned approach is to consider the requirements of each rule separately in relation to Plaintiffs' motion. Such an approach is

---

[5] Fed. R. Civ. P. 15(a)(2) (2011) (all references to the federal rules are to the 2011 revised edition).

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] Fed. R. Civ. P. 16(b)(4).

[8] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006); *see also Strope v. Collins*, 2009 WL 465073 *3 (10th Cir. February 25, 2009).

[9] *Id.*; *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009).

supported by other Circuits[10] and this Circuit has adopted a similar interpretation of Rule 16(b)'s good cause requirement in the context of counterclaims asserted after a scheduling order deadline.[11]

I.     Rule 15(a)

Admittedly Rule 15(a)'s standards are interpreted broadly due in large part to the general preference to decide a case upon its merits.[12]  But, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend especially when the party filing the motion has no adequate explanation for the delay."[13]  Furthermore prejudice to the opposing party need not be shown as an additional necessary requirement.[14]  Indeed, the Tenth Circuit has held that "a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'"[15]

Here, Plaintiffs assert that this case is different from those where an amendment was denied because this "case is not even close to any decision point on the merits, . . . ."[16]  And, "the reason why the motion was not brought sooner is not strategy but an initial determination by plaintiffs' counsel that Roberts and McKay were adequate representatives in the Indiana claim, a

---

[10] Some Circuits have held that a party seeking to amend the pleadings must satisfy a "good cause" requirement when a motion for such amendments is made after the deadlines set forth in the scheduling order. *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir.2005); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437–38 (8th Cir.1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.1992).

[11] *SIL-FLS, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990).  The Court notes that the Tenth Circuit has yet to do so in the context of an amendment to the complaint.

[12] *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) ("Our justice system has a strong preference for resolving cases on their merits whenever possible, . . . ."); *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187 (10th Cir. 2002) (noting the preference for determining a case on its merits).

[13] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations omitted).

[14] *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

[15] *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).

[16] Reply p. 6.

4

reconsideration of that decision, and subsequent efforts to find a willing and qualified person to serve."[17]

The Court agrees with Plaintiffs that this case is in its relative infancy, but an initial decision by counsel to not include a representative of the class from Indiana that then is changed years later is a quintessential strategic decision. Overall this would be Plaintiffs fifth Complaint. Plaintiffs have amended their Complaint three times previously and each time did not include a representative from Indiana. Plaintiffs assert that a representative plaintiff from Indiana was unavailable to them until they were provided discovery by Defendants, yet, somehow Plaintiffs' counsel were able to find two other Plaintiffs that are allegedly representatives of the class without the assistance of Defendants. Based upon the circumstances of this case, including the decision to not include a plaintiff from Indiana in the three prior Amended Complaints, the Court finds Plaintiffs' motion is untimely. Plaintiffs' justifications for its untimeliness are inadequate and thus the Court denies Plaintiffs motion under Rule 15(a)(2).

II.     Rule 16(b)

In the alternative, the Court finds that Plaintiffs do not meet the "good cause" standard under Rule 16. Demonstrating good cause under Rule 16(b)(4) "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[18] Rule 16(b)(4) requires a heightened standard in comparison to Rule 15(a).[19] In the Court's view a heightened standard is logical for at least two

---

[17] *Id.*

[18] *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994).

[19] *See Martinez v. Target Corp.*, 384 Fed.Appx. 840, 2010 WL 2616651 *4 fn. 5 (10th Cir. July 01, 2010) (declining to address the defendant's argument that Rule 16(b)(4)'s good cause standard applies because the plaintiff could not "satisfy the more lenient standard of Rule 15(a)(2)."); *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (declining to address whether compliance with Rule 16(b)(4)'s standard is required because Rule 15(a)(2) was not met).

reasons.  First, the plain language in Rule 15(a)(2) includes the phrase "freely give leave" which courts, including the Supreme Court, have interpreted quite broadly.[20]  Rule 16 does not contain such a phrase indicating that a lower standard applies.  And second, Rule 16 involves the management of cases pending before the Court and seeking to amend a complaint after a court ordered deadline has passed directly impacts the Court's discretion to manage its own docket.[21]

   Here, Plaintiffs explanation for the delay in seeking to amend is that they learned of Mr. Cavezas after Defendants provided the contact information for the putative class members.  Plaintiffs' counsel alleges that contact was made with drivers both directly and via the sample furnished by Defendants in discovery.  Plaintiffs argue that the "fact that Cavezas came from the latter group is pure coincidence, and . . . [D]efendants' . . . focus on purported 'misuse' of discovery is a pure red herring."[22]  Both parties cite to different cases supporting their positions regarding whether or not discovery may be used to secure a new class representative.  The Court has considered those cases, but finds it unnecessary to engage in an analysis of them because Plaintiffs' counsel offers no credible explanation regarding why a representative from Indiana could not have been found earlier in this case.  As such, Plaintiffs have failed to meet the

---

[20] *See Foman v. Davis*, 371 U.S. at 182; *Crostley v. Lamar County, Texas*, 717 F.3d 410, 420 (5th Cir. 2013) (noting that a district court "possesses broad discretion in its decision whether to permit amended complaints");  *Sky harbor Air Service, Inc. v. Reams*, 491 Fed.Appx. 875 2012 WL 2948180 *7 (10th Cir. July 20, 2012) (noting the "liberal amendment policy of Rule 15(a)(2)" that is sometimes used as a detriment to final judgments).

[21] *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (holding that a trial court's power to dismiss for lack of prosecution "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *U.S. v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion."); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.").

[22] Reply p. 7.

heightened showing under Rule 16(b)(4) that they were diligent in attempting to meet the deadline to amend the complaint.[23]

## ORDER

For the reasons set forth above the Court finds Plaintiffs fails to meet the standard for amending the complaint under both Rule 15(a)(2) and Rule 16(b)(4).  The Court therefore DENIES Plaintiffs' Motion for Leave to File Fourth Amended Complaint.

DATED this 18 September 2013.

_____
Brooke C. Wells
United States Magistrate Judge

---

[23] *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994).