IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Charles Roberts et al., | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO AMEND FOURTH AMENDED SCHEDULING ORDER FOR APPROVAL TO DEPOSE ABSENT CLASS MEMBERS |
|---|---|
| Plaintiffs, | |
| v. | |
| C.R. England, Inc., et al., | Case No. 2:12-cv-0302 |
| Defendants. | District Judge Robert Shelby |
| | Magistrate Judge Brooke Wells |

Defendants C.R. England, Inc. and Opportunity Leasing Inc. move to amend the Fourth Amended Scheduling Order and seek to take "100 depositions of absent class members …."[1] The court heard oral argument on Defendants motion and after doing so gave the parties additional time to file supplemental briefing. For the reasons set forth below the court will grant in part Defendants requested relief.

## BACKGROUND

This matter is a class action involving Plaintiffs who allege that Defendants fraudulently solicited and sold them a business opportunity to drive large trucks. Defendants own and operate a trucking company, a company that leases trucks, and a school that provides instruction for students so they can obtain a commercial driver license (CDL). Plaintiffs allege violations of various state and federal laws. In short, Plaintiffs assert that Defendants misrepresented the income that was available to students who ended up leasing trucks from Defendants.

---

[1] Mtn. p. 2, docket no. 335.

On January 31, 2017, Judge Shelby granted in part and denied in part Plaintiffs' Motion for Class Certification.[2] In doing so Judge Shelby relied on the Tenth Circuit's decision in *CGC Holding Co., LLC v. Broad & Cassel*[3] concluding that "an inference of reliance and causation is warranted in this case."[4] This inference of reliance and causation is "for purposes of the class certification analysis" and Plaintiffs must "prove causation and reliance in order to prevail on the[ir] fraud and negligent misrepresentations."[5] At the initial class certification stage Defendants' "anecdotal evidence" did not "persuade the court that individualized issues predominate over common question."[6] Thus the class of approximately 14,708 drivers was certified. As of the date of this order there are still some outstanding issues regarding the class, such as whether it is an opt-in or opt-out class and how class notification will work. Admittedly those decisions may impact the discovery issue before the court, but the court will proceed on the basis of the record before it.[7]

Defendants bring the present motion requesting to take 100 depositions of absent class members and to extend the fact discovery deadline to allow the depositions to occur. Defendants claim they need this information to "rebut the inference of reliance and causation and to demonstrate the individual disparity in damages."[8] Plaintiffs assert that in reality this is a "thinly-veiled attempt to obtain new evidence to decertify the class."[9] Further taking discovery

---

[2] Docket no. 304.

[3] 773 F.3d 1076 (10th Cir. 2010).

[4] Memorandum Decision and Order granting Defendants Motion for Partial Summary Judgment, granting in part and denying in part Plaintiffs Motion for Class Certification, p. 95, docket no. 304 (hereafter Memdoc 304).

[5] *Id.* p. 106.

[6] *Id.*

[7] A hearing on some of these issues was held on November 7, 2017. Docket no. 389.

[8] Mtn. p. 2.

[9] Op. p. 1, docket no 348.

from absent class members is disfavored, rarely permitted and requires a "special showing of particular need for the discovery."[10] A showing Defendants have failed to meet. In addition, such discovery will be burdensome, create significant expenses and result in substantial delays. Plaintiffs continue that the discovery is unnecessary to class wide issues.

## DISCUSSION

At the outset the court considers the difference between an inference of reliance and causation, and a presumption of reliance and causation. Judge Shelby found that "an inference of reliance and causation is warranted in this case" and relied on the Tenth Circuit's decision in *CGC Holding Co., LLC v. Broad & Cassel*.[11] In *CGC Holding* the Tenth Circuit explicitly drew a distinction between a presumption and an inference. The Tenth Circuit stated:

> The legal distinction between a presumption and an inference helps clarify our divergence with the reasoning behind the district court's class certification decision. A presumption is a legal conclusion that will alter the plaintiffs' burden of proof on the merits of their RICO allegations at trial. By contrast, an inference is simply a commonsense deduction based on the facts presented that plaintiffs can use to satisfy Rule 23(b).[12]

Plaintiffs seek to muddy this distinction by citing two cases from the Ninth Circuit arguing Defendants fail to meet their heavy burden and the individualized evidence Defendants seek cannot be properly generalized to the class as a whole. In *Plascenia v. Lending 1st Mrtg.*,[13] the court certified a class of plaintiffs alleging fraudulent omissions in connection with the sale of residential mortgage products. A magistrate judge permitted the defendants 15 depositions of absent class members to rebut the presumption of reliance. The district court reversed holding the "class-wide presumption cannot be rebutted by showing that individual absent class members

---

[10] *Id.*

[11] 773 F.3d 1076 (10th Cir. 2014).

[12] *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1100 fn.12.

[13] 2011 WL 5914278 (N.D.Cal. Nov. 28, 2011).

did not rely upon the fraudulent omissions. The presumption could be rebutted on a class-wide basis only if there is evidence that can be properly generalized to the class as a whole."[14] Essentially the depositions "would not be statistically representative of the class as a whole" and thus "not calculated to uncover relevant evidence." [15]

The second case, *Low v. Trump University, LLC.*,[16] addressed the admissibility of absent class member testimony via competing motions in limine. The defendants sought to introduce the testimony of absent class members but were denied. Relying on *Plascentia*, the *Low* court rejected the defendants' arguments noting the defendants "incorrectly conflate the element of materiality with the *Plascencia* court's ruling that class member testimony may be admitted to rebut the elements giving rise to an inference of reliance …."[17] Such testimony would leave a jury "with a skewed perspective not statistically representative of the class."[18]

Both of these cases are readily distinguishable because they fail to distinguish between a class-wide presumption of reliance and a class-wide inference of reliance. The term inference of reliance is not even used by the *Plascencia* court, yet in *Low*, the court attributes its use in rejecting the defendants' arguments.[19] Further it appears both of these courts were more concerned with a presumption of reliance, which the Tenth Circuit has painstakingly distinguished from an inference of reliance. Such terms are not "interchangeable" as Plaintiff suggests and the court is not persuaded that "any substantive distinction between the two [terms]

---

[14] *Id.* at *2.

[15] *Id.* at *3.

[16] 2016 WL 6732110 (S.D.Cal. Nov. 15, 2016).

[17] *Id.* at *2.

[18] *Id.* at *3.

[19] *See supra* fn. 26.

is without a difference here."[20] While *Plascencia* and *Low* are instructive to a certain extent, they are not persuasive.

### A. Discovery directed toward absent class members is permissible.

Discovery of absentee or unnamed class members under the Federal Rules of Civil Procedure is "neither prohibited nor sanctioned explicitly."[21] The general rule is that discovery requests to absent class members are "generally disfavored."[22] But, "that rule is not absolute, and discovery of absent class members may be allowed in certain circumstances."[23] In deciding whether to allow such discovery courts have applied a variety of factors.[24] Interestingly the case most often cited to,[25] *Clark v. Universal Builders, Inc.*,[26] does not articulate a specific number by

---

[20] Plaintiffs' supplemental brief opposing Defendants' motion p. 9, docket no. 295. The court is not persuaded that a "careful analysis of California authority" makes these cases more relevant to the instant case.

[21] *Schwartz v. Celestial Seasonings, Inc*., 185. F.R.D. 313, 316 (D. Colo. March 2, 1999) (citing *Krueger v. New York Tel. Co.,* 163 F.R.D. 446, 450 (S.D.N.Y. 1995)).

[22] *Sibley v. Sprint Nextel Corp*., No. 08-2063-KHV, 2009 WL 3244696, at *2 (D. Kan. Oct. 6, 2009) (citing *McPhail v. First Command Fin. Planning, Inc*., 251 F.R.D. 514, 517 (S.D. Cal. 2008) and *Barham v. Ramsey*, 246 F.R.D. 60, 62 (D.D.C. 2007)).

[23] *Id*. (citing *Clark v. Universal Builders, Inc*., 501 F.2d 324, 340 (7th Cir.1974); and *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D.Conn.1995) ("Discovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class.")).

[24] *See, e.g., Clark*, 501 F.2d at 340-41 ("the party seeking the depositions has the burden of showing necessity and absence of any motive to take undue advantage of the class members" and noting the impact of the deposition process subjecting deponents to "often stiff interrogation by opposing counsel"); *In re Qwest Commc'ns Int'l, Inc. Sec Litig.*, 283 F.R.D. 623, 625-26 (D. Colo. 2005) (noting that discovery is permissible if the following conditions are established: (1) the information sought "is necessary to a trial of issues affected the class as a whole, rather than issues relating to individual claims;" (2) the information sought must not be "readily obtainable from other sources;" and (3) the discovery must not be unduly burdensome and not "demanded for an improper purpose"); *McPhail v. First Command Financial Planning, Inc.* 251 F.R.D. 514, 517 (S.D. Cal. 2008) (citing to *Clark* for the proposition that the proponent of discovery must establish that "(1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent."); *Schwartz* 185 F.R.D. at 316-17 (examining whether the discovery sought relates to common questions, is requested in good faith, is necessary, whether it is unduly burdensome and which parties have access to the information); *McCarthy v. Paine Webber Grp., Inc*., 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class.").

[25] *See* Newberg on Class Actions § 913 (5th ed.) (stating the *Clark* test is the "most frequently cited test").

number test. Rather other courts have looked to the language in *Clark* and extrapolated a specifically numbered test.

One consistent factor, however, found among all the tests is the proponent of the discovery bears the burden. It is not always entirely clear what this burden is in requesting absentee class discovery as some courts have required a "strong showing" to discharge this burden,[27] while others seem to simply decide the issue on the basis of judicial discretion.[28] Based upon the policies behind Rule 23[29] and the Supreme Court's succinct statement regarding class actions in *Phillips Petroleum Co. v. Shutts*,[30] the court finds that a strong showing when seeking depositions of absent class members is required. In the Tenth Circuit there is a difference between an inference of reliance and causation, and a presumption of reliance and causation.[31] Given this difference the court finds it is appropriate to slightly relax the burden of the required strong showing in the context of an inference of reliance case. This practice follows the distinction given to securities cases where a heightened presumption of reliance is employed rather than the lessor inference of reliance is employed to fraud on the market claims.[32] In addition such an approach is not foreign in legal jurisprudence as different levels of review, or

---

[26] 501 F.2d 324.

[27] *See, e.g.*, *McPhail*, 281 F.R.D. at 517-18; *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995); *Enterprise Wall Paper Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y.1980).

[28] *See, e.g., Schwartz*, 185 F.R.D. at 316 (considering factors in deciding whether to allow a questionnaire to absent plaintiffs) (citing *In re United States Fin. Sec. Litig*., 69 F.R.D. 24, 52-54 (S.D.Cal. 1975) (permitting a "proof of Claim" form after examining the nature of the suit).

[29] *See Garden City Employees' Retirement System*, 2012 WL 4829802 (M.D.Tenn. 2012) ("The purpose of this rule is to promote the policy of Federal Rule 23, i.e., to prevent absent class members from being compelled to participate actively in the litigation.") (Citing 5 *Newberg on Class Actions* (4th ed. 2012) § 16.2.

[30] 472 U.S. 797, 810, 105 S. Ct. 2965, 2974, 86 L. Ed. 2d 628, 53 USLW 4879, 2 Fed. R. Serv. 3d 797 (1985) ("Unlike a defendant in a normal civil suit, an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.").

[31] *CGC Holding Co.*, 773 F.3d at 1100 fn.12.

[32] *See Basic Inc. v. Levinson*, 485 U.S. 224, 246-67, 108 S.Ct. 978, 991-92, 99 L.Ed. 2d 194 (1988).

burdens, are used in the constitutional law context.[33] Thus, the court finds the required burden to obtain discovery to rebut an inference less than that necessary where a presumption is established.

### B. Defendants make the necessary showing to meet the factors in this case

As mentioned previously courts have applied a variety of factors when considering a request for discovery involving absent class members.[34] Having reviewed the case law the court is persuaded to look at this case through the lens articulated by the District of Colorado in *In re Qwest Commc'ns Int'l, Inc. Sec Litig*.[35] Although that case is a shareholder action where the plaintiffs alleged "false and misleading statements concerning the business and financial conditions"[36], there is transferability to the current context because discovery is sought from absent class members. In addition that case is from a sister court in this circuit. The *Qwest* court considered the following factors: (1) whether the information sought "is necessary to a trial of issues affected the class as a whole, rather than issues relating to individual claims;"[37] (2) "the information sought must not be readily obtainable from other sources;"[38] and (3) the discovery must not be unduly burdensome and not "demanded for an improper purpose."[39] In addition, the court finds some merit to Defendants' contentions regarding due process. A class cannot be

---

[33] *See U.S. v. Virginia*, 518 U.S. 515, 567–68, 116 S. Ct. 2264, 2292, 135 L. Ed. 2d 735 (1996) (noting that the Supreme Court uses one of three tests "rational basis" scrutiny, intermediate scrutiny, or strict scrutiny" when considering equal protection questions under the Constitution.

[34] *See* fn. 24.

[35] 283 F.R.D. 623

[36] *Id.* at 624.

[37] *Id.* at 625.

[38] *Id.*

[39] *Id.* at 626; *see also Arredondo v. Delano Farms Co.*, No. 1:09-CV-01247 MJS, 2014 WL 5106401, at *5 (E.D. Cal. Oct. 10, 2014) ("the Court concludes that as a general rule, discovery from absent class members may be permitted when reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues.").

certified on the premise that a defendant "will not be entitled to litigate its statutory defenses to individual claims."[40] "A defendant in a class action has a due process right to raise individual challenges and defenses to claims, …"[41] With the need for appropriate due process in mind the court turns to the factors.

**(i)   Is the information sought necessary to a trial of issues affecting the class as a whole?**

Defendants argue that the depositions are necessary here to "test whether the alleged scheme of representations and omissions did, in fact, uniformly cause drivers to enter into an independent contractor relationship."[42] Defendants further argue that what the drivers knew understood and decided, are among core issues to be tried and presumably will affect the entire class. Defendants further seek additional discovery because the declarations from 28 drivers regarding their experience was anecdotal and did not carry the day in defeating an inference necessary for the Rule 23(b) analysis.

The court finds some persuasive value in these arguments especially in light of Plaintiffs own admissions and discovery responses. In their supplemental Rule 26 disclosures, Plaintiffs list more than 160 drivers as witnesses likely to have discoverable information that Plaintiffs may use to support their claims. Additionally, in response to interrogatories about the alleged misrepresentations Plaintiffs identified 415 drivers who are now members of the class that "can explain their experiences in the C.R. England independent contractor program …."[43] Plaintiffs' acknowledgement about the importance of class member testimony supports discovery, plus it

---

[40] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2546, 180 L. Ed. 2d 374 (2011).

[41] *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013); *see e.g., In re St. Jude Med., Inc.*, 522 F.3d 836, 840, (8th Cir. 2008) (noting that a defendant is not prohibited from "presenting direct evidence that an individual plaintiff (or his or her physician) did not rely on representations from" the defendant).

[42] Reply p. 6, docket no. 368.

[43] *Id.* p. 7 (quoting Jardine Dec. ¶¶ 2, 3, Exs A and B (Objections to Defendants' Interrogatories).

would be patently unfair to allow Plaintiffs' witnesses to testify at trial about their experiences without first being subject to discovery prior to trial. In addition, Judge Shelby explicitly provided that the ultimate determination of causation and reliance is still to be determined at trial.[44] Thus there will be a need for additional evidence concerning the alleged fraud and negligent misrepresentations. This factor weighs in favor of discovery.

### (ii) Is the information not readily obtainable from other sources?

Defendants assert that the information they seek is not obtainable from other sources because they need to visit with class members to ask them about their experiences. In contrast Plaintiffs assert that Defendants already have all the information they need. In *McPhail v. First Command Fin. Planning, Inc.*,[45] a securities fraud class action, the court denied the defendants request for interrogatory responses from each of the 178,527 absent class members regarding their reliance on the alleged marketing misrepresentations.[46] The court found the requests overly burdensome and an improper attempt to reduce the class size by seeking to dismiss non-responders. Instead the court held that the defendants could rebut the issue of reliance in other ways such as by showing the marketing materials did not contain misrepresentations or that the salespersons did not provide uniform statements.[47] The *McPhail* court focused on the necessity of the proposed discovery and held that the evidence could be addressed by other means.

Here Plaintiffs' own reliance on class member experiences, as noted above, undermines the argument that Defendants already have all the information they need. Although Defendants could counter the alleged misrepresentations by addressing the marketing materials, this case is

---

[44] *See* Memdoc p. 106, docket no. 304.

[45] 251 F.R.D. 514 (S.D.Cal. 2008).

[46] *Id.* at 518.

[47] *Id.*

not like *McPhail* because "Defendants argue persuasively that their discovery is necessary to challenge representative testimony Plaintiffs propose to present on liability."[48] Notably the discovery sought by Defendants could come via a different mechanism such as questionnaires or interrogatories, but nonetheless it must come from the drivers and the court here is not going to second guess Defendants discovery vehicle choice. This factor weighs in favor of allowing the requested discovery.

### (iii) Is the discovery unduly burdensome and not demanded for an improper purpose?

These considerations present a closer call. Taking a hundred depositions will be burdensome to all involved including the absent class members. Defendants' suggestion of three hour depositions reduces this burden, but even at three hours there will be a burden placed upon all involved and a meager witness fee will not change the burden. Additionally, questions such as what happens to a class member who refuses to have their deposition taken will need to be faced. And as argued by Plaintiffs, there is a possibility that Defendants could use some of this information to seek to decertify the class.

Under Rule 26 discovery is to be "proportional to the needs of the case."[49] Given the large nature of this case—a class consisting of approximately 14,708 members with a requested monetary recovery of $25,000 per member—the court finds that the discovery sought is proportional to the needs of this case. In addition, there is no prohibition under the law against using the discovery to seek decertification at some point.[50] The evidence sought also has an

---

[48] *Arredondo*, 2014 WL 5106401, at *5

[49] Fed. R. Civ. P. 26(b) (2016).

[50] *See, e.g., Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999) ("A district court has a duty to assure that a class once certified continues to be certifiable under Fed.R.Civ.P. 23(a)."); *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 the district court is charged with the duty of monitoring its class

equally plausible purpose of being sought for trial. Thus, the discovery is offered in good faith and the burden although great is balanced against the needs of this case. This factor weighs narrowly in favor of some discovery.

**(iv)    Other considerations**

During arguments Defendants have repeatedly pointed to a decision out of the Eastern District of California, *Arredondo v. Delano*,[51] which permitted depositions for a portion of the class members. In *Arredondo* the plaintiffs sought a protective order to prevent the Defendants from taking 196 depositions of absent class members. The court rejected the plaintiffs' arguments concerning the defendants' prior access to evidence, that the court's decision regarding class certification prohibited such discovery and case law prevented it. The *Arredondo* court permitted the taking the depositions of "roughly 200—less than one percent of the 25,000 class members."[52] These individuals were part of a pilot study designed by an expert "to determine issues of variability and whether certain subgroups of class members, for example, those who worked during certain time periods and for certain foremen, had more homogeneous experiences with regard to pre-shift work."[53] The number of depositions was based on what the expert felt would be statistically relevant and the court noted the need for the sampling to be "grounded in the 'methods and procedures of science."[54] In support of the depositions the expert

---

decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

[51] 2014 WL 106401 (E.D. California Oct. 10, 2014).

[52] *Arredondo v. Delano Farms Co.*, 2014 WL 5106401, at *9.

[53] *Id.* at *6.

[54] *Id.* at *10 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

submitted an affidavit regarding sample size, the acceptable margin of error and the reliability of results.[55]

Here, Defendants argue that 100 depositions would be "a statistically significant sample" and propose that each side pick 50.[56] Additionally "defendants do not object to conducting the depositions after the period for opting in or out of the class ends, provided that the schedule allows it."[57] The court agrees with Defendants suggestion that the depositions be conducted after the period for opting in or out of the class. This will help prevent a class member's decision of whether or not to join the class being improperly based on a potential deposition hanging over their head. But, the court is not convinced that 100 depositions is a statistically significant sample. Defendants do not submit any evidence from an expert like in *Arredondo*. Rather without any support 100 appears to be a convenient number reached out of thin air. The court could arbitrarily pick a number but that would be an improper exercise of judicial discretion based on conjecture. In short it could likely be a waste of time and resources to engage in 100 depositions without support that such a number is statistically significant. The court will permit depositions and extend the discovery deadline to do so, but Defendants are ordered to propose a statistically significant sample size based on the work of an expert in this case, not conjecture based on a number used in another case.

## ORDER

Accordingly, it is hereby ORDERED that Defendants' Motion is GRANTED IN PART. The discovery deadline is extended and depositions may occur. The exact number of those depositions needs to be based on acceptable evidence and the timing is to take place after the opt

---

[55] *Id.* at *3.

[56] Reply p. 11, docket no. 368.

[57] *Id.* at 12-13.

in opt out period. Defendants are further ORDERED to provide an update to the court on the status of determining the exact number of necessary depositions within sixty (60) days from the date of this order.

DATED this 13 November 2017.

Brooke C. Wells
United States Magistrate Judge