# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Charles Roberts et al., <br><br>                          Plaintiffs, <br><br> v. <br><br> C.R. England, Inc., et al., <br><br>                          Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO QUASH SUBPOENA ISSUED TO HOULIHAN VALUATION ADVISORS <br><br> Case No. 2:12-cv-0302 <br><br> District Judge Robert Shelby <br><br> Magistrate Judge Brooke Wells |

        Defendants C.R. England, Inc., Opportunity Leasing Inc., and Horizon Truck Sales and Leasing, LLC, (collectively Defendants) move to quash the subpoena issued to Houlihan Valuation Advisors (Houlihan) by Plaintiffs.[1] This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(A) from United States District Judge Robert J. Shelby.[2] After careful review of the record, the parties' briefs, and the arguments presented at oral argument,[3] the undersigned finds the subpoena overbroad as to time and overbroad or irrelevant as to some requests. Thus, the court will grant the motion to quash in part.

## BACKGROUND

        This matter is a class action involving Plaintiffs who allege that Defendants fraudulently solicited and sold them a business opportunity to drive large trucks. Defendants own and operate a trucking company, a company that leases trucks, and a school that provides instruction for students so they can obtain a commercial driver license. Plaintiffs allege violations of various

---

[1] ECF No. 418.

[2] ECF No. 86.

[3] ECF No. 449.

state and federal laws.  In short, Plaintiffs assert that Defendants misrepresented the income that was available to students who ended up leasing trucks from Defendants.

The instant motion brought by Defendants concerns the quashing of a subpoena issued to Houlihan.  Defendants state the subpoena "seeks from a non-party valuation company ten years of confidential financial statements and valuation reports concerning Defendants, including underlying work papers, communications and research."[4]  Defendants argue the subpoena is overbroad as to time, the requested items, and the subpoena seeks irrelevant information.

## DISCUSSION

Under Federal Rule of Civil Procedure 45, Plaintiffs request discovery from a non-party valuation company, Houlihan.  Plaintiffs seek approximately ten years of information pertaining to Defendants' net worth and financial condition in support of their claims for punitive damages.[5]  Discovery of a defendant's net worth and financial condition is relevant to the issue

---

[4] Mtn p. 2, ECF No. 418.

[5] The subpoena requests the following:

> REQUEST NO. 1: Any issued, unissued, or draft financial reports or statements, including without limitation any annual "Summary Financial Data" reports, such as the one presented by Dave Dorton to the C.R. England Inc. Board of Directors on November 5, 2009, for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present.

> REQUEST NO. 2: Any issued, unissued, or draft valuation reports, such as the ones referenced at the meeting of C.R. England Inc. 's Board of Directors on November 5, 2009, for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present.

> REQUEST NO. 3: Any signed engagement letters related to any issued, unissued, or draft financial or valuation reports for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present.

> REQUEST NO. 4: Any and all work.papers related to the preparation of any issued, unissued, or draft financial or valuation reports for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present. REQUEST NO. 5: Any and all research used to prepare any issued, unissued, or draft financial or valuation reports for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present.

> REQUEST NO. 5: Any and all research used to prepare any issued, unissued, or draft financial or valuation reports for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present.

of punitive damages.[6]  A majority of federal courts permit such discovery without requiring a plaintiff to establish a *prima facia* case on the issue of punitive damages.[7]  The establishment of a *prima facia* case as it relates to the discovery requests is not at issue.  Instead, Defendants argue the subpoena is overbroad as to time.  Defendants also argue the subpoena is overbroad as to requested materials and that some of the requested discovery is irrelevant.  For example, Defendants point to the request for underlying work papers, research communications, and documents/data provided by Defendants to Houlihan as overbroad.  In contrast, Plaintiffs assert Defendants placed their own finances at issue in their certification request to the Utah Supreme Court and in their motion to the Tenth Circuit.

Although the relevancy of the discovery is conceded, when a party obtains discovery regarding another party's net worth and financial condition the discovery is not without limits. Multiple cases in this circuit have limited the scope of discoverable financial information to the

---

REQUEST NO. 6: Any and all Communications related to the preparation of any issued, unissued, or draft financial or valuation reports for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present.

REQUEST NO. 7: Any Documents or Electronic Data provided to HVA by the Defendants related to the preparation of any issued, unissued, or draft valuation reports for England, Horizon, Horizon LLC, or Opportunity from 2007 through the present.

REQUEST NO. 8: Any and all Communications between HVA, on the one hand, and Defendants or their attorneys, on the other hand, in which HVA was advised to return and/or destroy any Documents or Electronic Data related to any engagements on which HVA worked for England, Horizon, Horizon LLC, Opportunity, and/or the England "Empire" from 2007 through the present."  ECF 418-1 (attached as exhibit A to Defendants motion).

[6] *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (noting that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded ...").

[7] *See Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151, 1990 WL 31427 (D. Kan. 1990) (citing cases); *Randall v. County of Wyandotte*, No. 87–2580, 1988 WL 139522 (D.Kan. Dec. 5, 1988); *Fretz v. Keltner,* 109 F.R.D. 303, 310–11 (D.Kan.1986); *but see, James v. Heuberger Motors, Inc.*, 2011 WL 334473, at *3 (D. Colo. Jan. 28, 2011) (finding the discovery of financial information allowable upon a prima facie showing).

defendant's current financial condition.[8]  Defendants cite to other cases for the same proposition.[9]

Here, Defendants have already provided tax returns and financial statements for the last 10 years and that is presumably why Plaintiffs request mirrors the same time frame.  But, despite this prior production, the court finds the current discovery requests are overbroad as to time and go beyond what is reasonable for Plaintiffs to show Defendants current net worth or financial condition.  Therefore, in considering relevant case law found in this circuit,[10] the court will limit any allowed requests to the last two years plus the current year of three months (2016, 2017 and 2018).

Next, the court is convinced some of the requested discovery is overbroad and goes beyond what is necessary to show Defendants' current financial condition.  Certain items are also irrelevant to this showing.  Accordingly, the court will limit them as follows:

    Request numbers 1, 2 and 3: no limitation on the requested items but limited as to time.

    Request numbers 4, 5 and 6: the court finds the subpoenaed information overbroad so these requests will be stricken.  The court is not persuaded that Plaintiffs need the work papers, research and communications related to the Houlihan evaluation to show

---

[8] *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-CV-2494-DDC-TJJ, 2017 WL 3229071, at *4 (D. Kan. July 31, 2017); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 950282, at *15 (D. Kan. Mar. 26, 2007) (limiting financial information required from the defendants concerning the issue of punitive damages to their most recent annual reports and current financial statements measured at the time set for defendants to produce such information); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 1995 WL 625962, at *4 (D. Kan. Oct. 5, 1995) (finding the most recent annual reports and current financial statements of the plaintiffs suffice to determine punitive damages).

[9] *See Chudacoff v. Univ. Med. Ctr.*, 2013 WL 438112, at *3-4 (D. Nev. Feb. 1, 2013); *U.S. E.E.O.C. v Pioneer Hotel, Inc.*, 2014 WL 5045109, at *4 (D. Nev. Oct. 9, 2014); *Barela v. Safeco Ins. Co. of Am.*, 2014 WL 11497826, at *11-12 (D.N.M. Aug. 22, 2014).

[10] *See e.g., Learjet Inc. v. MPC Prod. Corp.* 2007 WL 2287836, at *4 (D. Kan. Aug. 8, 2007) (limiting the financial information to the most recent annual reports and current financial statements of the defendant).

Defendants' current financial condition. Further their relevance to show the current financial condition is at best questionable.

Request number 7: the court finds the documents or electronic data relevant to understanding the draft valuation reports so this information will be limited only as to time.

Request number 8: "any and all communications" is overbroad and unnecessary to determine Defendants current financial condition. These requests will be stricken.

## ORDER

Accordingly, it is hereby ORDERED that Defendants' Motion is GRANTED IN PART. The subpoena requests will be limited as to time and scope as set forth above.

IT IS SO ORDERED.

DATED this 12 March 2018.

Brooke C. Wells
United States Magistrate Judge